FILED
United States Court of Appeals
Tenth Circuit

June 24, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

AARON RAMIREZ-SAUCEDO,

Defendant - Appellant.

No. 14-3223
(D.C. No. 6:14-CR-10045-JTM-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **HOLMES**, and **BACHARACH**, Circuit Judges.

The government has moved to enforce the plea agreement it entered into with

Aaron Ramirez-Saucedo. Mr. Ramirez-Saucedo pleaded guilty pursuant to a written

plea agreement to reentering the country after being removed subsequent to a

conviction for an aggravated felony. Under the terms of the plea agreement, he

waived his right to appeal any matter concerning his prosecution, conviction,

or sentence, if the sentence imposed by the district court was within the guideline

---

[*]    This panel has determined that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument. This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

range determined by the court to be appropriate. The court sentenced

Mr. Ramirez-Saucedo to 46 months' imprisonment, which is at the low end of the

guideline range determined by the court. Despite the appeal waiver in his plea

agreement, Mr. Ramirez-Saucedo filed an appeal.

The government moved to enforce the appeal waiver pursuant to *United States*

*v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). *Hahn* requires

enforcement of an appeal waiver if (1) "the disputed appeal falls within the scope of

the waiver of appellate rights"; (2) the defendant "knowingly and voluntarily waived

his appellate rights"; and (3) "enforcing the waiver would [not] result in a

miscarriage of justice." *Id*. at 1325.

In his response to the government's motion, Mr. Ramirez-Saucedo raises a

single issue: that a defendant cannot knowingly and voluntarily waive the right to

appeal a sentence that has yet to be imposed. As Mr. Ramirez-Saucedo recognizes,

however, this very argument was rejected by the en banc court in *Hahn*, 359 F.3d at

1327. He therefore asks that this court revisit this precedent. But regardless of

whether there is a good reason for this court to rethink its position in *Hahn*, one panel

of this court cannot overrule the decision of another panel, much less of the en banc

court. *See, e.g., United States v. White*, 782 F.3d 1118, 1126-27 (10th Cir. 2015).

("[O]ne panel of this court cannot overrule the judgment of another panel absent

en banc consideration or an intervening Supreme Court decision that is contrary to or

invalidates our previous analysis." (internal quotation marks omitted)).

Mr. Ramirez-Saucedo does not argue that he did not know that he was waiving his right to appeal, and our review of the plea agreement and the transcript of the change of plea hearing convinces us that he knowingly and voluntarily waived his right to appeal, *see Hahn*, 359 F.3d at 1235 (looking to language of plea agreement and adequacy of Rule 11 colloquy in assessing whether appeal waiver was knowing and voluntary).  Mr. Ramirez-Saucedo does not argue that any issue he wishes to raise on appeal is outside the scope of the appeal waiver, nor does he contend that enforcing the waiver would result in a miscarriage of justice.  So we need not address these issues.  *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005).

The motion to enforce is granted, and the appeal is dismissed.

Entered for the Court
Per Curiam